UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUARDO CANTU AGUILAR;<br>  200 E. Illinois St., Apt. 2901<br>  Chicago, IL 60611<br>MARIO A. CANTU SUAREZ<br>  10 Kings Tower<br>  San Antonio, TX 78257<br><br><br>               Petitioner(s)<br><br>           v.<br><br>CHAD F. WOLF, in his official capacity,<br>Acting Secretary, U.S. Department of<br>Homeland Security;<br>KENNETH T. CUCCINELLI, in his official<br>capacity, Senior Official Performing the Duties<br>of the Director, U.S. Citizenship and<br>Immigration Services;<br>  245 Murray Lane, SW<br>  Mail Stop 0485<br>  Washington, DC 20528-0485<br><br>WILLIAM P. BARR, in his official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br><br>               Respondent(s). | Civil Action No **1:20-cv-1461** |

**PETITIONERS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

1

Hashim G. Jeelani, Attorney for Petitioner, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW EDUARDO CANTU AGUILAR (hereinafter "AGUILAR" or collectively "Petitioners") and MARIO A. CANTU SUAREZ (hereinafter "SUAREZ" or collectively "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1. Petitioner SUAREZ is the U.S. citizen father of Petitioner AGUILAR, a Mexican national. In 2016, Petitioner SUAREZ lawfully filed a petition with the United States Citizenship and Immigration Service for his son to become a U.S. permanent resident. Petitioner AGUILAR timely, completely, and lawfully filed the requisite applications, and paid the associated fees, to apply for the resulting benefit from his father's petition. This action is brought as a result of Respondents' failure to adjudicate Petitioner SUAREZ's Form I-130, Petition for Alien Relative, ("Petition") and Petitioner AGUILAR's Form I-485, Application for Adjustment of Status, ("Application") within a reasonable period of time. Both the Petition and Application have been in pending status for a period of over four years. The Petitioners have a clear right to adjudication of their Petition and Application (hereinafter collectively referred to as "Adjustment Filings") in a timely manner. The final adjudication of the Adjustment Filings is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.     Respondents are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Adjustment Filings.

## PARTIES

3.     Petitioner AGUILAR is a resident of Cook County, Illinois, and a Mexican citizen. He is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by his U.S. Citizen father, Petitioner SUAREZ. The pending Form I-130 allows beneficiary qualification for AGUILAR to adjust his status to a permanent resident of the United States. Petitioner AGUILAR is also the applicant of a Form I-485, Application for Adjustment of Status.

4.     Petitioner SUAREZ is a resident of Bexar County, Texas, and a U.S. citizen. He is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming his son, Petitioner AGUILAR, as the beneficiary.

5.     Respondent CHAD F. WOLF is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Respondent WOLF is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6.     Respondent KENNETH T. CUCCINELLI is the Senior Official Performing the Duties of the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

7.	Respondent WILLIAM P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

8.	This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Petitioners are seeking judicial review of inaction by one or more of the Respondents.

9.	Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

10.	The Petitioners have repeatedly requested the Respondents to make a final decision on the Adjustment Filings.  Further, Petitioners have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Petitioners notified the Respondents of their intent to file suit. The Respondents have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

11.	The Petitioners have exhausted their administrative remedies. Petitioners have supplied USCIS with documents that establish Petitioners' eligibility for approval of their Adjustment Filings.

12.	There are no further administrative remedies available for Petitioners to utilize.

**FACTUAL ALLEGATIONS**

13.     On January 12, 2016, Petitioner SUAREZ filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming his son, Petitioner AGUILAR, as a beneficiary (Receipt# LIN-1690-034-9862) with USCIS.  **[EXHIBIT A].**

14.     Concurrently with the aforementioned Petition, AGUILAR filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# MSC-1691-56-0076). **[EXHIBIT B].**

15.     On October 12, 2016, USCIS issued a Request for Evidence ("RFE") requesting documents from Petitioners; Petitioners fully complied with the RFE by submitting an overnight filing with USCIS which was delivered on October 27, 2016.

16.     Since receiving the responsive documents on October 27, 2016, USCIS has made no further requests for information or evidence of the Petitioners.

17.     Petitioners have made numerous inquiries over the past four years with USCIS and have requested adjudications of their Adjustment Filings.

18.     Petitioners' inquiries have resulted in continuous responses from USCIS stating that the Petitioners' Adjustment Filings were still pending review.

19.     Petitioners Adjustment Filings now continue to be pending with USCIS for over four years.

20.     USCIS has published an historical average processing time in 2016 of six months for the adjudication of Form I-130.  Petitioner SUAREZ's Form I-130 has been pending for over 51 months, which is eight times the historical average processing time.

21.     USCIS has published a historical average processing time in 2016 of 6.8 months for the adjudication of Form I-485.  Petitioner AGUILAR's Form I-485 has been pending for over 51 months, which is over seven times the historical average processing time as reported by USCIS.

22.     Respondents have refused to provide further explanation which would merit the need for over 4 years and 3 months of processing time.

23.     Petitioners have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in administrative processing.

24.     Petitioner AGUILAR has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

25.     Moreover, Petitioner AGUILAR has incurred significant attorney's fees and has lost numerous employment opportunities due to the Respondents' failure in adjudicating Petitioners' Adjustment Filings within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

26.     All prior paragraphs are re-alleged as if fully stated herein.

27.     Petitioner SUAREZ has a statutory right to apply for and receive an adjudication of his Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

28.     Respondents have a duty to adjudicate SUAREZ's Petition within a reasonable period of time under 5 U.S.C. §555(b).

29.     The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

30.     No other adequate remedy is available to Petitioners.

31.    Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Petition.

32.    Given the Respondents' lack of a reason for not making a decision on Petitioner SUAREZ's Petition for over 4 years, Petitioner's Form I-130 Petition has been pending for an unreasonably long period of time.

33.    Respondents have failed in their statutory duty to adjudicate the Petition in a reasonable time.

34.    Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on SUAREZ's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to SUAREZ's case.

35.    Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioner SUAREZ's Form I-130, thereby depriving Petitioners of the rights to which they are entitled.

36.    In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees.  Also, as a result of Respondents' actions, Petitioner SUAREZ has been denied the right to petition for his son to become a permanent resident of the United States. Further, Petitioner AGUILAR has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Petitioners' lives are on hold due to Respondents' inaction.

## **COUNT II**

### VIOLATION OF THE APA- FORM I-485

37.    All prior paragraphs are re-alleged as if fully stated herein.

38.    Petitioner AGUILAR has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

39.    Respondents have a duty to adjudicate AGUILAR's Application within a reasonable period of time under 5 U.S.C. §555(b).

40.    The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

41.    No other adequate remedy is available to Petitioners.

42.    Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Application.

43.    Given the Respondents' lack of a reason for not making a decision on Petitioner AGUILAR's Application for over 4 years, Petitioner's Application has been pending for an unreasonably long period of time.

44.    Respondents have failed in their statutory duty to adjudicate the Application in a reasonable time.

45.    Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on AGUILAR's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to AGUILAR's case.

46.    Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioner AGUILAR's Application, thereby depriving Petitioners of the rights to which they are entitled.

47. In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees. Also, as a result of Respondents' actions, Petitioner SUAREZ has been denied the right to petition for his son to become a permanent resident of the United States. Further, Petitioner AGUILAR has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Petitioners' lives are on hold due to Respondents' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioners' Adjustment Filings.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioners' Adjustment Filings immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 3, 2020                                              Respectfully submitted,

                                                                                   /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
*Counsel for Petitioners*